PONTICOS v. THE STATE OF OHIO.

*Jurors — Duty to discharge at close of term — Section 11432, General Code — Criminal law — Trial by jury empaneled at prior term — Rights of accused and waiver.*

1. Section 11432, General Code, providing for the discharge of jurors at the close of each term of court, is a directory provision for the guidance of the court, and not designed as a protection to the accused.
2. Defendant in a criminal prosecution may be tried before a jury agreed to and accepted for the trial by counsel for both sides at a prior term of court.

(Decided September 27, 1920.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Saul A. Klein; Mr. A. A. Gruber; Mr. J. B. Derbes* and *Mr. E. H. Jones,* for plaintiff in error. *Mr. Jno. W. Weinig,* for defendant in error.

SHOHL, P. J. On June 10, 1919, an affidavit was filed in the court of domestic relations charging the plaintiff in error, Steve Ponticos, with having contributed to the delinquency of a girl under

the age of eighteen years.   He pleaded not guilty, and demanded a jury trial.

The case was ready for trial on June 26.   Prospective jurors had been interrogated as to their qualifications, and both sides had accepted the jurors in the box.   Before the jury was sworn, the court ordered the case continued.   This was done in order that a new affidavit might be filed, and accused was to be tried on the issues thereby raised, instead of on the affidavit of June 10.   It appears from the bill of exceptions that counsel for both sides then and there agreed that the jury in the box would be accepted for the trial, the date of which was then fixed for July 1, 1919.   On July 1 the parties appeared in court, as did the jury which had been passed upon and accepted, but not sworn.   It appeared that one of the attorneys for the defendant was engaged in the trial of another criminal case.   Thereupon, the court continued the case and fixed the date of trial for July 15, 1919, which was in the July term of court.

On July 15, when the case came on to be heard, defendant's counsel objected, and moved the court to discharge the jury for the reason that the jury was not selected at the July term, and urged that the jury ought to have been discharged at the close of the April term.   The objection was overruled and the trial proceeded, terminating in a verdict of guilty.   From the sentence based upon this verdict the defendant prosecutes error.

By virtue of Section 1651, General Code, statutes relating to the drawing and empaneling of jurors in criminal cases in the court of common

pleas, other than capital cases, apply to such jury trial.

Section 11432, General Code, provides:

"At the close of each term of the court, all persons who served for the term either as petit or grand jurors, with those found to be disqualified, not liable to serve, or permanently disabled, shall be discharged."

It is urged that though the defendant consented to be tried by the jury in question in the April term, the jurors so agreed to no longer constituted a panel as prescribed by law after the July term commenced. Objections to the jury as a whole are properly made by challenge to the array. See Section 11436, General Code; 24 Cyc., 328; 17 Standard Encyclopedia of Procedure, 61.

The court, however, has considered the case upon its merits without regard to the manner in which the question was raised by the defendant. The ultimate question determinative of the point in issue resolves itself into an inquiry as to whether Section 11432 was designed to confer rights upon defendants, or whether it is a directory provision for the guidance of the court. If the trial court failed to observe a mode of procedure ordered by law for the protection of the accused, there was an abridgment of a substantial right. See *Caferelli* v. *State,* 12 Ohio App., 91. What then was the purpose of Section 11432, General Code? It has been stated that such provisions relating to the drawing and empaneling of a jury are generally directory. 24 Cyc., 218; *State* v. *Barlow,* 70 Ohio St., 363, and *Huling* v. *State,* 17 Ohio St., 583.

From an examination of the statute in its context the court is of opinion that the purpose of the section of the statute in·question is to procure an equitable distribution of the burden of jury service among the citizens, and that the provision was not designed as a protection to the accused. (*Huling* v. *State, supra,* page 588.) Moreover, it is difficult to see that any prejudice has come to the defendant by reason of the trial on July 15 before a jury of twelve men, whose qualifications were entirely satisfactory to him on July 1, and before whom he agreed to go to trial. See *State* v. *Barlow, supra,* page 378.

Complaint is made of the admission of the testimony of a probation officer who was allowed to tell the jury that defendant had admitted to her that he was going to marry the prosecuting witness. The testimony did not tend to prove the allegations of the affidavit and should not have been admitted. An examination of the entire record convinces the court that the guilt of the defendant is clearly established. In view of this the court does not regard the error in the admission of the evidence of sufficient importance to require a reversal of the case.

With regard to the special charges asked for, it is sufficient to say that the court is not required in a criminal case to give special charges before argument. *Wertenberger* v. *State,* 99 Ohio St., 353.

The judgment of conviction must be affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.